FILED
SEP 0 6 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | 06CV4805 |
| Plaintiff, ) | JUDGE GUZMAN |
| ) | MAGISTRATE JUDGE NOLAN |
| v. ) | |
| ) | COMPLAINT |
| ROADWAY EXPRESSS, INC. ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and to provide appropriate relief to Kenneth Comer, and a class of Black employees who were adversely affected by such practices.

## JURISDICTION AND VENUE

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

5. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

6. At all relevant times, Defendant Roadway Express, Inc., has continuously been a corporation doing business in the State of Illinois and the City of Chicago Heights, Illinois.

7. At all relevant times, Defendant Roadway Express, Inc., has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant Roadway Express, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. More than thirty (30) days prior to the institution of this lawsuit, Kenneth Comer filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Roadway Express, Inc.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least 2000, Defendant has engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Such unlawful employment practices include subjecting Kenneth Comer and a class of Black employees to harassment and different terms and conditions because of their race.

12. The result of the practices complained of in paragraph 11 has been to deprive Kenneth Comer and a class of Black employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

13. The unlawful employment practices complained of above were intentional.

14. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Kenneth Comer and a class of Black employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race;

B.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race, and which eradicate the effects of its unlawful employment practices;

C.  Order Defendant to make whole Kenneth Comer and a class of Black employees by providing compensation for past and future pecuniary losses resulting from those unlawful employment practices, including medical expenses, in amounts to be determined at trial;

D.  Order Defendant to make whole Kenneth Comer and a class of Black employees by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices, including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

E.  Order Defendant to pay Kenneth Comer and a class of Black employees punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

F.  Prohibit Defendant from discriminating against any individual for engaging in protected activity under Title VII of the Civil Rights Act of 1964, or for opposing practices made unlawful by Title VII, or for participating in this lawsuit;

G.  Grant such further relief as this Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

Ronald Cooper
General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory Gochanour
Supervisory Trial Attorney

_____
Richard J. Mrizek
Trial Attorney

Equal Employment Opportunity Commission
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 886-9078

4